UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: MICHAEL STEVEN SPANGLER and : CHAPTER 13
LISA MARIE SPANGLER :
    Debtor(s) :
     :
CHARLES J. DEHART, III :
STANDING CHAPTER 13 TRUSTEE :
     :
    vs. :
     :
MICHAEL STEVEN SPANGLER and :
LISA MARIE SPANGLER :
    Respondent(s) : CASE NO.  1-17-bk-00450

## TRUSTEE'S OBJECTION TO CHAPTER 13 PLAN

    AND NOW, this   11th   day of May, 2017, comes Charles J. DeHart, III, Standing Chapter 13 Trustee, and objects to the confirmation of the above-referenced debtor(s)' plan for the following reason(s):

    1.  Debtor(s)' plan violates 11 U.S.C. Sec. 1322(a)(1) in that the debtor(s) has not submitted all or such portion of the disposable income to the Trustee as required.  More specifically,

    Trustee alleges and avers that debtor(s)' disposable income is greater than that which is committed to the plan based upon disposable income on Schedules I and J and specifically disputes the following amounts:

    a.  Automobile payment in plan.
    b.  Excess disposable income.

    2.  The Trustee avers that debtor(s)' plan is not feasible based upon the following:

    a.  Insufficient Monthly Net Income as indicated on Schedules I and J.

    3.  Debtor(s)' plan violates 11 U.S.C. Sec. 1325(a)(4) in that the value of property to be distributed under the plan on account of each allowed unsecured claim is less than the amount that would be paid on such claim if the estate were liquidated under Chapter 7.  More specifically, debtors have excess non-exempt equity in the following:

    a.  Residential real estate.

4. Trustee avers that debtor(s)' plan is not feasible and cannot be administered due to the lack of the following:

   a. Copies of the three 2016 federal partnership return for all entities in which the debtor is a partner.
   b. Paystub for month ending July 31, 2017.

WHEREFORE, Trustee alleges and avers that debtor(s) plan is nonconfirmable and therefore Trustee prays that this Honorable Court will:

   a. Deny confirmation of debtor(s) plan.
   b. Dismiss or convert debtor(s) case.
   c. Provide such other relief as is equitable and just.

Respectfully submitted:

/s/Charles J. DeHart, III
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

CERTIFICATE OF SERVICE

AND NOW, this 19th day of May, 2017, I hereby certify that I have served the within Objection by electronically notifying parties or by depositing a true and correct copy of the same in the United States Mail at Harrisburg, Pennsylvania, postage prepaid, first class mail, addressed to the following:

Larry Wolf, Esquire
215 Broadway
Hanover, PA   17331

/s/Deborah A. Behney
Office of Charles J. DeHart, III
Standing Chapter 13 Trustee