IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(Harrisburg Division)

In re:  )
 )
Michael S. Spangler )  Case No. 1:17-bk-00450-RNO
Lisa M. Spangler, )  Chapter 13
 )
    Debtors. )
_____)

**OBJECTION OF PEOPLESBANK, A CODORUS VALLEY COMPANY
TO CONFIRMATION OF THE DEBTORS' FIRST AMENDED CHAPTER 13 PLAN**

PeoplesBank, A Codorus Valley Company (the "**Bank**"), a secured creditor in the above-captioned bankruptcy case, by its undersigned counsel, hereby files, pursuant to Federal Rules of Bankruptcy Procedure 3015(f) and 9014, this Objection to Confirmation of First Amended Chapter 13 Plan (the "**Plan**") filed by the Debtors, Michael S. Spangler and Lisa M. Spangler (collectively, the "**Debtors**") and for its reasons states as follows:

**I.     FACTUAL BACKGROUND**

1. The Debtors are obligated to the Bank pursuant to a $400,000.00 loan made by the Bank to Free Spirited Contractor, Inc. ("**Borrower**") and guaranteed by the Debtors ("**Loan**"). The Borrower was a wholly-owned business entity of the Debtors.

2. The Loan is evidenced by, among other things, a Promissory Note, dated July 15, 2011, executed and delivered by the Borrower to the order of the Bank ("**Note**").

3. The Debtors unconditionally guaranteed all amounts due and owing under the Notes pursuant to a Commercial Guaranty, dated July 15, 2011, executed and delivered by the Debtors in favor of the Bank ("**Guaranty**").

4. The Loan, Note and Guaranty are secured by real property owned by the Debtors and generally described as 1376 Highland Avenue Road, Mount Joy Township, Gettysburg, Pennsylvania 17325 ("**Property**"), pursuant to and as more particularly described in an Open-

End Mortgage and Security Agreement, dated July 15, 2011, executed by the Debtors in favor of the Bank and recorded with the Recorder of Deeds for Adams County, Pennsylvania at Book 5620, Page 491 ("**Mortgage**").

5. In addition, the indebtedness that is owed under the Loan and Note is further secured by a first-priority duly perfected security interest in, to and against all inventory, accounts, equipment, general intangibles, related assets and all proceeds thereof of the Borrower (collectively, the "**Assets**"), pursuant to and as more particularly described in a Commercial Security Agreement, dated July 15, 2011, executed by the Borrower in favor of the Bank and UCC-1 Financing Statements filed with the Maryland State Department of Assessments and Taxation (collectively, the "**Security Interest Documents**").

6. The Note, the Guaranty, the Mortgage, the Security Interest Documents and all other documents evidencing, securing or otherwise documenting the Loans are collectively referred to herein as the "**Loan Documents**."

7. Prior to the Petition Date, the Debtors and the Borrower defaulted under the terms and conditions of the Loan Documents by, among other things, failing to make the payments called for thereunder upon demand. As a result thereof, the Lender previously demanded immediate payment of all indebtedness owed under the Loan Documents from the Debtors and the Borrower. The Debtors and the Borrower failed to make the required payments to the Bank. Therefore, as of the Petition Date, the Debtors and the Borrower were liable to the Bank for the full amounts due and owing under the Loan Documents.

8. Furthermore, upon information and belief, in March 2016, the Debtors and the Borrower sold the Borrower's business Assets which secure the Loan without the consent of the Bank and in violation of the Security Interest Documents. The sale of the Assets by the Debtors

2

and the Borrower without the Bank's consent constituted a further default by the Debtors and the Borrower under the Loan Documents,

9. On February 7, 2017 (the "**Petition Date**"), the Debtors filed a Voluntary Petition for Relief under Chapter 7 of the United States Bankruptcy Code. The Debtors' bankruptcy case has been converted to one under Chapter 13 of the United States Bankruptcy Code.

10. The amounts owed under the Loan Documents to the Bank by the Debtors are set forth in the proof of claim filed by the Bank in the claims register as claim no. 22. As of the Petition Date, the Debtors owe the Bank $410,868.00 under the Note as a secured claim. *See* Claims Register or Nos. 22-1.

11. The Bank holds a second-priority secured lien against the Property and the Property is the Debtors' principal residence.

12. On August 11, 2017, the Debtors filed their first amended Chapter 13 Plan. Under the Plan, the Debtors propose to pay the Bank "outside the plan" through monthly payments to the Bank on its secured claim and pay certain arrearages through the net proceeds from the sale of the Leisters Property. Namely, the Debtors propose to pay $13,040.00 in prepetition arrearages owed to the Bank from the net proceeds of the Leisters Property (as defined below) sale. The Bank asserts that the prepetition and postpetition arrearage figures are much higher than the figures listed by the Debtors in their Plan. The Debtors further propose to make monthly payments in the amount of $1,630.00 to the Bank under the Plan, an amount that is insufficient given the Bank's secured claim status.

13. As part of their Plan, the Debtors propose to sell certain other real property located at 961 Leisters Church Road, Westminster, Maryland 21157 ("**Leisters Property**") by June 2018 to partially fund their Plan.

3

Case 1:17-bk-00450-RNO    Doc 91    Filed 09/07/17    Entered 09/07/17 15:16:40    Desc
Main Document    Page 3 of 8

## II. DISCUSSION

12. The Court must deny confirmation of the Plan because the proposed treatment of the Bank's secured claim fails to meet the criteria set forth under 11 U.S.C. § 1325(a)(5). Section 1325(a)(5) provides that the Court shall confirm a Chapter 13 plan if:

> [W]ith respect to each allowed secured claim provided for by the plan
> (A) the holder of such claim has accepted the plan;
> (B)(i) the plan provides that
>     (I) the holder of such claim retain the lien securing such claim retain the lien securing such claim until the earlier of
>         (aa) the payment of the underlying debt determined under nonbankruptcy law; or
>         (bb) discharge under section 1328; and
>     (II) if the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable nonbankruptcy law;
>   (ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim;… or
> (C) the debtor surrenders the property securing such claim to such holder[.]

11 U.S.C. § 1325(a)(5).

13. As to the secured claim of the Bank, the Plan satisfies none of these criteria. As evidenced by this Objection, the Bank does not accept the Plan, the Plan does not provide for the Bank to retain its lien on the Property and, as of the filing date of this Objection, the Debtors have not surrendered the Property to the Lender.

14. Moreover, as noted above, the entire indebtedness owed under the Loan Documents was demanded and is currently due and owing by the Debtors. The Debtors' plan fails to value and pay the Bank's allowed secured claim in full. For this reason, the Debtors' Plan fails to satisfy the requirements of § 1325(a)(5)(B)(ii) because it does not commit sufficient funding to treat the Bank's secured claim and, therefore, ensure that the Bank will receive

4

property of a value not less than the amount of its secured claim on the Effective Date of the Plan.

15. The Debtors are required to make significantly monthly payments to the Bank which they have failed to do so under their Plan. The Debtors proposed monthly payment to the Bank of $1,630.00 as listed in their Plan is insufficient. Additionally, the Debtors fail to indicate when they intend to repay the Loan in full to the Bank as required given the Bank's status as a secured creditor. The Debtors state in passing that they intend to pay the Bank "outside the plan," yet the Bank's secured claim must not be affected by the Debtors' Plan in order to proceed in such a manner.

16. The Debtors' Plan further fails to allocate adequate protection payments to the Bank. The Debtors should make monthly adequate protection payments to the Bank.

17. The Bank further does not agree with the prepetition and postpetition arrearage amounts listed by the Debtors in their Plan and objects on that basis. At a minimum, proceeds from the sale of the Leisters Property should be required to be paid to the Bank in an amount that covers the full arrearages owed by the Debtors to the Bank, both prepetition and postpetition.

18. The Debtors' amended Plan also purports to "modify" the Bank's secured claim under Section 2D of the Plan without providing any specificity as to the modified amount or the proposed method/adversary action to be taken by the Debtors as to the Bank's secured claim. The Bank objects to the Debtors' Plan based on this purported modification without the Bank's consent.

19. The Debtors' Plan is objectionable for other reasons as well. First, the Court must deny confirmation of the Plan because the Debtors cannot show it is feasible within the meaning of 11 U.S.C. § 1325(a)(6). In the Debtors' Schedule I, the Debtors allege that their monthly

income is $6,282.00. In the Debtors' Amended Schedule J, the Debtors allege that their average monthly expenses total $5,858.00. Accordingly, the Debtors lack sufficient income to fund the proposed Plan and make regular payments to the Debtors' creditors. The Plan thus violates 11 U.S.C. § 1325(a)(6).

20. Second, the Debtors' Plan proposes to sell the Leisters Property prior to June 30, 2018 and use part of the proceeds to pay down the Bank's arrearages. The Bank objects to this proposal of an illusory sale of the Leisters Property that would occur at some unknown time in the future and allegedly fund the Debtors' Plan. The Plan should be denied on this basis alone.

21. Finally, the Plan states that if the Debtors are unable to sell the Leister Property, the Debtors will pay the Bank's arrearages through the Plan "as modified" without specifying exactly how such arrearage payments will be made in this scenario. The Bank objects to the Plan on this ground as well.

22. Furthermore, the Chapter 13 Trustee has filed a previous objection to the Debtors' original plan [Docket No. 63]. The Bank objects to the Plan for the same reasons listed in the Trustee's objection and hereby incorporates by reference the Trustee's objection.

23. Accordingly, for these reasons and any other reasons presented by the Bank at the confirmation hearing, this Court should deny confirmation of the proposed Plan.

### III. CONCLUSION

WHEREFORE, for the foregoing reasons, the Bank respectfully requests that the Court enter an Order denying the Debtors' Chapter 13 Plan and granting the Bank such other and further relief as the Court may deem just and appropriate.

Respectfully submitted,

DATE: September 7, 2017		*/s/ Shaan S. Chima*
Shaan S. Chima (Bar No. 28561)
GEBHARDT & SMITH LLP
One South Street, Suite 2200
Baltimore, Maryland 21202
Tel:	(410) 385-5109
Fax:	(443) 957-4329
Email: shaan.chima@gebsmith.com

*Attorneys for PeoplesBank, A Codorus Valley Company*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on the 7th day of September, 2017, a copy of the foregoing Objection was served on all parties entitled to receive electronic notice via the Court's ECF System and via first-class mail, postage prepaid to the following:

>Michael S. Spangler
>Lisa M. Spangler
>1376 Highland Avenue Road
>Gettysburg, Pennsylvania 17325
>*Debtors*
>
>Larry W. Wolf, Esq.
>215 Broadway
>Hanover, Pennsylvania 17331
>*Attorney for the Debtors*
>
>Charles J. DeHart, III, Chapter 13 Trustee
>8125 Adams Drive, Suite A
>Hummelstown, Pennsylvania 17036
>*Chapter 13 Trustee*
>
>U.S. Trustee's Office
>228 Walnut Street, Suite 1190
>Harrisburg, Pennsylvania 17101
>*U.S. Trustee*

                                                */s/ Shaan S. Chima*
                                                Shaan S. Chima