IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(Harrisburg Division)

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Michael S. Spangler | ) | Case No. 1:17-bk-00450-RNO |
| Lisa M. Spangler, | ) | Chapter 13 |
| | ) | |
| Debtors. | ) | |
| | ) | |

**OBJECTION OF PEOPLESBANK, A CODORUS VALLEY COMPANY
TO CONFIRMATION OF THE DEBTORS' THIRD AMENDED CHAPTER 13 PLAN**

PeoplesBank, A Codorus Valley Company (the "**Bank**"), a secured creditor in the above-captioned bankruptcy case, by its undersigned counsel, hereby files, pursuant to Federal Rules of Bankruptcy Procedure 3015(f) and 9014, this Objection to Confirmation of Third Amended Chapter 13 Plan (the "**Plan**") filed by the Debtors, Michael S. Spangler and Lisa M. Spangler (collectively, the "**Debtors**") and for its reasons states as follows:

I.  **FACTUAL BACKGROUND**

1.  The Debtors are obligated to the Bank pursuant to a $400,000.00 loan made by the Bank to Free Spirited Contractor, Inc. ("**Borrower**") and guaranteed by the Debtors ("**Loan**"). The Borrower was a wholly-owned business entity of the Debtors.

2.  The Loan is evidenced by, among other things, a Promissory Note, dated July 15, 2011, executed and delivered by the Borrower to the order of the Bank ("**Note**").

3.  The Debtors unconditionally guaranteed all amounts due and owing under the Notes pursuant to a Commercial Guaranty, dated July 15, 2011, executed and delivered by the Debtors in favor of the Bank ("**Guaranty**").

4.  The Loan, Note and Guaranty are secured by real property owned by the Debtors and generally described as 1376 Highland Avenue Road, Mount Joy Township, Gettysburg, Pennsylvania 17325 ("**Property**"), pursuant to and as more particularly described in an Open-

End Mortgage and Security Agreement, dated July 15, 2011, executed by the Debtors in favor of the Bank and recorded with the Recorder of Deeds for Adams County, Pennsylvania at Book 5620, Page 491 ("**Mortgage**").

5. In addition, the indebtedness that is owed under the Loan and Note is further secured by a first-priority duly perfected security interest in, to and against all inventory, accounts, equipment, general intangibles, related assets and all proceeds thereof of the Borrower (collectively, the "**Assets**"), pursuant to and as more particularly described in a Commercial Security Agreement, dated July 15, 2011, executed by the Borrower in favor of the Bank and UCC-1 Financing Statements filed with the Maryland State Department of Assessments and Taxation (collectively, the "**Security Interest Documents**").

6. The Note, the Guaranty, the Mortgage, the Security Interest Documents and all other documents evidencing, securing or otherwise documenting the Loans are collectively referred to herein as the "**Loan Documents**."

7. Prior to the Petition Date, the Debtors and the Borrower defaulted under the terms and conditions of the Loan Documents by, among other things, failing to make the payments called for thereunder upon demand. As a result thereof, the Lender previously demanded immediate payment of all indebtedness owed under the Loan Documents from the Debtors and the Borrower. The Debtors and the Borrower failed to make the required payments to the Bank. Therefore, as of the Petition Date, the Debtors and the Borrower were liable to the Bank for the full amounts due and owing under the Loan Documents.

8. Furthermore, upon information and belief, in March 2016, the Debtors and the Borrower sold the Borrower's business Assets which secure the Loan without the consent of the Bank and in violation of the Security Interest Documents. The sale of the Assets by the Debtors

2

and the Borrower without the Bank's consent constituted a further default by the Debtors and the Borrower under the Loan Documents,

9. On February 7, 2017 (the "**Petition Date**"), the Debtors filed a Voluntary Petition for Relief under Chapter 7 of the United States Bankruptcy Code. The Debtors' bankruptcy case has been converted to one under Chapter 13 of the United States Bankruptcy Code.

10. The amounts owed under the Loan Documents to the Bank by the Debtors are set forth in the proof of claim filed by the Bank in the claims register as claim no. 22. As of the Petition Date, the Debtors owe the Bank $410,868.00 under the Note as a secured claim. *See* Claims Register or Nos. 22-1.

11. The Bank holds a second-priority secured lien against the Property and the Property is the Debtors' principal residence.

12. On November 30, 2017, the Debtors filed their third amended Chapter 13 Plan. Under the Plan, the Debtors propose to pay the Bank by modifying the Bank's Loan Documents and by modifying the full principal balance owed on the Bank's secured claim. As part of this modification, and as set forth on a so-called "Attachment" to the Plan, the Debtors indicate that $48,398.00 will be the total amount paid to the Bank through the duration of the Plan, an amount that is insufficient given the Bank's secured claim status. The Plan further provides that the Debtor would pay certain arrearages owed under the Loan Documents to the Bank. Namely, the Debtors propose to pay $13,040.00 in prepetition arrearages and $150.00[1] in postpetition arrearages owed to the Bank. The Bank asserts that the prepetition and postpetition arrearage figures are much higher than the figures listed by the Debtors in their Plan.

---

[1] This may be a typo in the latest iteration of the Plan as previous plans indicated an amount of $8,150.00 to be paid for postpetition arrearages.

3

13. As part of their Plan, the Debtors propose to sell certain other real property located at 961 Leisters Church Road, Westminster, Maryland 21157 ("**Leisters Property**") by February 2018 to partially fund their Plan.

## II. DISCUSSION

12. The Court must deny confirmation of the Plan because the proposed treatment of the Bank's secured claim fails to meet the criteria set forth under 11 U.S.C. § 1325(a)(5). Section 1325(a)(5) provides that the Court shall confirm a Chapter 13 plan if:

> [W]ith respect to each allowed secured claim provided for by the plan
> (A) the holder of such claim has accepted the plan;
> (B)(i) the plan provides that
>     (I) the holder of such claim retain the lien securing such claim retain the lien securing such claim until the earlier of
>         (aa) the payment of the underlying debt determined under nonbankruptcy law; or
>         (bb) discharge under section 1328; and
>     (II) if the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable nonbankruptcy law;
>   (ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim;… or
> (C) the debtor surrenders the property securing such claim to such holder[.]

11 U.S.C. § 1325(a)(5).

13. As to the secured claim of the Bank, the Plan satisfies none of these criteria. As evidenced by this Objection, the Bank does not accept the Plan, the Plan does not provide for the Bank to retain its lien on the Property and, as of the filing date of this Objection, the Debtors have not surrendered the Property to the Lender.

14. Moreover, as noted above, the entire indebtedness owed under the Loan Documents was demanded and is currently due and owing by the Debtors. For this reason, the Debtors' Plan fails to satisfy the requirements of § 1325(a)(5)(B)(ii) because it does not commit

4

sufficient funding to treat the Bank's secured claim and, therefore, ensure that the Bank will receive property of a value not less than the amount of its secured claim on the Effective Date of the Plan.

15. The Debtor's Plan attempts to avoid a significant portion of the principal balance of the Bank's claim, but the Debtors have not provided any basis for such avoidance. The Plan does not provide any valuation analysis for the underlying collateral Property that secures the Bank's Loan. In fact, although the Bank does not agree with the valuation, the Debtor's own Schedules filed in this case indicate a value of at least $350,000.00 for the Property, an amount evidencing significant equity from which to pay the Bank's secured claim. At a minimum, the Plan should be denied until an opportunity is given to determine an accurate valuation of the Property. Therefore, at this juncture, the Debtors' Plan fails to accurately value and pay the Bank's allowed secured claim in full. The Bank also objects to the Debtors' avoidance of the Bank's Mortgage as set forth in the Plan and any purported valuation by the Debtors for the Property in the Plan.

16. Additionally, the Debtors' Plan proposes an interest rate of 4.5% for the Bank's Loan as modified. The interest rate is below market, does not account for any risk to the Bank and is lower than the original interest rate under the Loan Documents. The proposed interest rate is unacceptable for the Bank's commercial Loan secured by the Property and does not meet the requirement that the Bank receive value not less than the amount of its secured claim.

17. The Debtors are required to make significantly monthly payments to the Bank which they have failed to do so under their Plan. The Debtors indicate on their Attachment to the Plan that during the term of the Plan, they would pay the Bank, in the aggregate, an amount equal to $48,398.00 (in addition to the arrears discussed below). This amount is wholly

5

insufficient as to the Bank's secured claim and does not meet the requirements of § 1325(a)(5)(B)(ii).

18. The Bank further does not agree with the prepetition and postpetition arrearage amounts listed by the Debtors in their Plan and objects on that basis. Given that the proceeds from the sale of the Leisters Property are no longer allocated to pay these arrears, the Debtors have failed to show how they intend to pay the full arrears, both prepetition and postpetition, owed to the Bank. To date, the Debtors have failed to make any arrearage payment to the Bank during the pendency of this case. The Plan should be denied on this basis alone.

19. The Debtors' Plan is objectionable for other reasons as well. First, the Court must deny confirmation of the Plan because the Debtors cannot show it is feasible within the meaning of 11 U.S.C. § 1325(a)(6). In the Debtors' Schedule I, the Debtors allege that their monthly income is $6,282.00. In the Debtors' Amended Schedule J, the Debtors allege that their average monthly expenses total $5,858.00. Accordingly, the Debtors lack sufficient income to fund the proposed Plan and make regular payments to the Debtors' creditors. The Plan thus violates 11 U.S.C. § 1325(a)(6).

20. Second, the Debtors' Plan fails to allocate adequate protection payments to the Bank. The Debtors should make monthly adequate protection payments to the Bank. The Bank objects to the Plan on this ground as well.

21. Furthermore, the Chapter 13 Trustee has filed an objection to the Debtors' Plan [Docket No. 109]. The Bank objects to the Plan for the same reasons listed in the Trustee's objection and hereby incorporates by reference the Trustee's objection.

22. Accordingly, for these reasons and any other reasons presented by the Bank at the confirmation hearing, this Court should deny confirmation of the proposed Plan.

### III. CONCLUSION

WHEREFORE, for the foregoing reasons, the Bank respectfully requests that the Court enter an Order denying the Debtors' Chapter 13 Plan and granting the Bank such other and further relief as the Court may deem just and appropriate.

Respectfully submitted,

DATE: December 22, 2017

/s/ Shaan S. Chima
Shaan S. Chima (Bar No. 28561)
GEBHARDT & SMITH LLP
One South Street, Suite 2200
Baltimore, Maryland 21202
Tel: (410) 385-5109
Fax: (443) 957-4329
Email: shaan.chima@gebsmith.com

*Attorneys for PeoplesBank, A Codorus Valley Company*

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on the 22nd day of December, 2017, a copy of the foregoing Objection was served on all parties entitled to receive electronic notice via the Court's ECF System and via first-class mail, postage prepaid to the following:

> Michael S. Spangler
> Lisa M. Spangler
> 1376 Highland Avenue Road
> Gettysburg, Pennsylvania 17325
> *Debtors*
>
> Larry W. Wolf, Esq.
> 215 Broadway
> Hanover, Pennsylvania 17331
> *Attorney for the Debtors*
>
> Charles J. DeHart, III, Chapter 13 Trustee
> 8125 Adams Drive, Suite A
> Hummelstown, Pennsylvania 17036
> *Chapter 13 Trustee*
>
> U.S. Trustee's Office
> 228 Walnut Street, Suite 1190
> Harrisburg, Pennsylvania 17101
> *U.S. Trustee*

                                                  */s/ Shaan S. Chima*
                                                  Shaan S. Chima